[Cite as *State v. Barnes*, 2014-Ohio-2721.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO

    Appellant

    v.

GREGORY BARNES

    Appellee

C.A. Nos. 13CA010502
13CA010503

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos. 11CR083896
12CR085278

DECISION AND JOURNAL ENTRY

Dated: June 23, 2014

WHITMORE, Judge.

{¶1} Appellant, State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I

{¶2} In November 2011, Gregory Barnes was indicted for tampering with records, in violation of R.C. 2913.42(A)(1), and failing to register, in violation of R.C. 2950.05(F)(1). In July 2012, in a separate case, Barnes was indicated for failing to register, in violation of R.C. 2950.05(F)(1). The two cases were consolidated, and Barnes pleaded guilty to all three charges. In his written pleas, it was noted that the two failure to register counts carried a mandatory three year prison sentence, pursuant to R.C. 2950.99(A)(2)(b), because he had a prior conviction for failing to register under R.C. 2950.04.

**{¶3}** Prior to sentencing, Barnes filed a memorandum asserting, in part, that R.C. 2950.99(A)(2)(b) is unconstitutional. The State filed a memorandum in opposition. At the sentencing hearing, the court found the statute to be unconstitutional and sentenced Barnes to community control. The State now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN SENTENCING GREGORY BARNES TO A COMMUNITY CONTROL SANCTION WHEN A PRISON TERM WAS MANDATORY PURSUANT TO R.C. 2950.99(A)(2)(b).

**{¶4}** In its sole assignment of error, the State argues that the court erred in finding 2950.99(A)(2)(b) unconstitutional and sentencing Barnes to community control. We agree.

**{¶5}** R.C. 2950.99(A)(2)(b) imposes a three year mandatory sentence on an offender that fails to register if (1) he or she has previously been convicted of failing to register, and (2) the sexual offense that gave rise to the duty to register was a felony. *See State v. Hoselton*, 6th Dist. Lucas No. L-09-1150, 2011-Ohio-1396, ¶ 8-10.

**{¶6}** Barnes pleaded guilty to failing to register and acknowledged that he had a prior conviction under R.C. 2950.04. There does not appear to be any dispute that R.C. 2950.99(A)(2)(b) applies.[1] Instead, Barnes argued to the trial court in a sentencing memorandum that R.C. 2950.99(A)(2)(b)'s mandatory three year sentence is unconstitutional because it impermissibly infringed on the court's discretion in sentencing.

> All statutes have a strong presumption of constitutionality. *See Sorrell v. Thevenir*, 69 Ohio St.3d 415, 418-419 (1994). Before a court may declare unconstitutional an enactment of the legislative branch, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

---

[1] Barnes has not filed a brief in this appeal.

*Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 25.

{¶7} In his sentencing memorandum to the trial court, Barnes argued that R.C. 2950.99(A)(2)(b) is unconstitutional because it mandated a maximum prison sentence for felonies of the third degree and "in essence [took] away a judge's discretion and power." However, "[i]t is well settled that the General Assembly has the plenary power to prescribe crimes and fix penalties." *State v. Banks*, 9th Dist. Summit No. 25279, 2011-Ohio-1039, ¶ 48. "Mandatory sentencing laws enacted pursuant to this authority do not usurp the judiciary's power to determine the sentence of individual offenders." *Id.*, quoting *State v. Campa*, 1st Dist. Hamilton No. C-010254, 2002 WL 471174, *6 (Mar. 29, 2002). *See also State v. Conner*, 8th Dist. Cuyahoga No. 84073, 2005-Ohio-1971, ¶ 58-61 (maximum mandatory sentence does not violate the separation of powers doctrine).

{¶8} In a transcript of the sentencing hearing, the court found the statute to be unconstitutional. However, the court did not make any such finding in its sentencing entry. "It is axiomatic that a court speaks only through its journal entries, and not through mere oral pronouncements." *State v. Douglas*, 10th Dist. Franklin No. 13AP-570, 2014-Ohio-317, ¶ 5, quoting *State v. Huddleston*, 10th Dist. Franklin No. 12AP-512, 2013-Ohio-2561, ¶ 7. Nevertheless, even reviewing the court's findings in the transcript, we conclude that the court erred in failing to apply R.C. 2950.99(A)(2)(b).

{¶9} The court found that the statute is unconstitutional because it is inconsistent with changes to various sentencing statutes made in September 2011, pursuant to H.B. 86. In particular, the court noted that the legislature changed the sentencing structure for felonies of the third degree by creating "tiers" and detailing permissible sentencing ranges in terms of months, not years. However, R.C. 2950.99(A)(2)(b) still reflected the mandatory sentence in terms of

years, not months. Additionally, prior to the sentencing changes the mandatory three year penalty under R.C. 2950.99(A)(2)(b) was in the middle of the sentencing range for felonies of the third degree, which was one to five years. *See* Former R.C. 2929.14(A)(3). After the change, the mandatory three years was the maximum sentence allowed for most third degree felonies. *See* R.C. 2929.14(A)(3). Moreover, the court reasoned that many of the sentencing changes were made by the legislature in an effort to reduce the prison population. Ultimately, the court found that there was no "clear indication from the legislature that they understood and appreciated" the mandatory penalty in R.C. 2950.99(A)(2)(b) in light of the recent sentencing changes.

{¶10} After reviewing the sentencing transcript, it is unclear which constitutional provision(s) the court found to be "clearly incompatible" with the statute. *See Defenbacher*, 164 Ohio St. at paragraph one of the syllabus. The court appeared to focus solely on legislative intent and disregarded the presumption of constitutionality. *See State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 25. "A statute will be upheld unless the challenger meets the burden of establishing beyond a reasonable doubt that the statute is unconstitutional." *Id*. Barnes did not meet his burden of establishing beyond a reasonable doubt that the statute is unconstitutional, and the court erred in relying solely on legislative intent to make such a finding. Because it was not established that the statute is unconstitutional, the court was required to apply R.C. 2950.99(A)(2)(b) and sentence Barnes to the mandatory three years in prison.

{¶11} The State's sole assignment of error is sustained.

## III

{¶12} The State's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I concur in the majority's judgment. The State has appealed asserting in its sole assignment of error that the trial court erred in sentencing Mr. Barnes to community control when a prison term was required pursuant to R.C. 2950.99(A)(2)(b). Although, I agree that the stated assignment of error should be sustained, I do not agree that the basis of reversal is the trial court's erroneous determination as to the constitutionality of R.C. 2950.99(A)(2)(b).

{¶14} At the sentencing hearing, the trial court considered Mr. Barnes' claims that the statute could not be applied to enhance his sentence because (1) he was not previously informed of the potential enhancement and (2) the statute was unconstitutional as applied to him. The trial court rejected Mr. Barnes' first argument but agreed that R.C. 2950.99(A)(2)(b) was unconstitutional. However, the trial court's judgment entry does not mention R.C. 2950.99(A)(2)(b), nor does it declare the statute unconstitutional. *See State v. Hawkins,* 9th Dist. Wayne No. 11CA0007, 2011-Ohio-6197, ¶ 7, quoting *In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, ¶ 30 ("'[A] court speaks exclusively through its journal entries.'"); *see also State v. Boczar,* 113 Ohio St.3d 148, 2007-Ohio-1251, ¶ 9 ("[A]ll statutes are presumed constitutional, and the party challenging a statute bears the burden of proving otherwise."). Accordingly, it cannot be ultimately concluded that the trial court found R.C. 2950.99(A)(2)(b) unconstitutional. *See Hawkins* at ¶ 7. As there was no finding in the trial court's journal entries that R.C. 2950.99(A)(2)(b) was unconstitutional or did not otherwise apply to Mr. Barnes, there was no basis for the trial court not to follow the statute's mandate and sentence Mr. Barnes to a mandatory minimum term of three years. *See* R.C. 2950.99(A)(2)(b). Therefore, I agree that the State's stated assignment of error should be sustained.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellant.

JENNIFER BERKI, Attorney at Law, for Appellee.