[Cite as *State v. Henderson*, 2014-Ohio-3121.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Sheila G. Farmer, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| JOHNNIE HENDERSON, JR. | : | | Case No. 13CA98 |
| | : | | |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2013-CR-0409 |
| | |
| JUDGMENT: | Affirmed in Part, Reversed in Part, and Remanded |
| | |
| DATE OF JUDGMENT: | July 14, 2014 |

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
Prosecuting Attorney

By: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

RANDALL E. FRY
10 West Newlon Place
Mansfield, OH 44902

*Baldwin, J.*

{¶1}    Appellant Johnnie Henderson appeals a judgment of the Richland County Common Pleas Court convicting him of kidnapping (R.C. 2905.01(A)(4)) and rape (R.C. 2907.02(A)(2)).  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    On June 20, 2013, appellant went to the home of his friends, Corey Payne and S.C., to ask for assistance in walking home.  Appellant, who S.C. knew by his street name of "Red Bone," was intoxicated.  He gave synthetic marijuana, known as "posh," to Corey.  Corey did not want to leave because his children were visiting, and so S.C. offered to walk appellant home.  Appellant agreed to give S.C. marijuana located at his apartment if she would help him walk home.

{¶3}    After reaching appellant's apartment, S.C. went to the kitchen for a drink of water.  Appellant stood too closely behind her, making her uncomfortable.  She began to get nervous when appellant started looking for the promised marijuana.  When S.C. told appellant that she was going to leave, appellant told her she could not leave because she was "about to get some dick." Tr. 148.  S.C. began to cry and ran for the door.  Appellant grabbed her from behind and placed her in a chokehold.

{¶4}    When S.C. awoke, she was naked and appellant was on top of her, engaging in sexual intercourse with her.  She managed to push appellant off her, and he pushed her back onto the bed.  He pinned her on her stomach.  S.C. asked to use the bathroom.  While in the bathroom, she found her purse and dialed 911, although she did not speak into the phone.

{¶5} Appellant left S.C. alone for a moment, and she ran for the door. Appellant tripped her, and pinned her down. Appellant took a glass crack pipe located nearby, heated the ends, and placed it in her vaginal area. Appellant suddenly stood up and began looking out the window. S.C. again dialed 911, and spoke to an operator. S.C. told the operator that her friend would not allow her to leave his home. Appellant then opened the door and allowed S.C. to leave.

{¶6} S.C. ran into the street naked, yelling for help. She met a family friend and told him that appellant had just raped her. S.C. was crying and hysterical. She used the friend's phone to call her mother, repeating that Red Bone had raped her.

{¶7} S.C. was taken to the hospital. No injuries were noted. Appellant gave a statement to the nurse and to police.

{¶8} Mansfield Police officers arrived at appellant's apartment and found appellant lying unresponsive on the floor near the front door. They obtained a search warrant and recovered S.C.'s bra, shirt and phone from appellant's apartment, as well as a crack pipe.

{¶9} Appellant gave a taped statement to police. He claimed that he was out walking and came across S.C. near Simpson School. They stopped at S.C.'s house, and appellant gave "posh" to Corey. They started to walk to appellant's house, talking about "sex for drugs." Tr. 312. According to appellant, S.C. agreed to have sex with him in exchange for crack cocaine. Appellant claimed that when they reached his apartment, S.C. went to the bathroom, then engaged in consensual sex with him on the couch. He told police that he did not ejaculate because his phone rang, and he was

afraid it was his girlfriend. By the time he finished his phone call, S.C. had put her clothes on and left.

{¶10} Appellant was indicted by the Richland County Grand Jury with kidnapping (R.C. 2905.01(A)(4)), felonious assault (R.C. 2903.11(A)(1)), and two counts of rape (R.C. 2907.02(A)(2)). The case proceeded to jury trial. The court allowed the jury to consider the lesser included offense of attempted rape as to Count 4 of the indictment. The jury found appellant guilty of counts one and three, kidnapping and rape. He was found not guilty of felonious assault and the remaining count of rape, including the lesser included offense.

{¶11} At sentencing, appellant and the State agreed that Counts 1 and 3 were allied offenses and should therefore merge. The State opted to sentence on the rape conviction. The court failed to merge the offenses and instead sentenced appellant to eight years incarceration on each count, to be served concurrently. Appellant assigns three errors on appeal:

{¶12} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO EIGHT YEARS OF INCARCERATION ON COUNT II OF THE INDICTMENT AND STATING THE APPELLANT SHOULD RECEIVE FIVE YEARS OF MANDATORY POST RELEASE CONTROL ON COUNT II OF THE INDICTMENT.

{¶13} "II. THE APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS THE TRIAL COUNSEL DID NOT RENEW HIS CRIMINAL RULE 29 MOTION OF ACQUITTAL AT THE CONCLUSION OF THE CASE, THEREBY WAIVING ANY ERROR MADE BY THE

TRIAL JUDGE IN OVERRULING THE RULE 29 MOTION FOR ACQUITTAL MADE BY THE TRIAL COUNSEL AT THE END OF THE STATE'S CASE.

{¶14} "III.  THE VERDICT OF THE JURY FINDING THE APPELLANT GUILTY ON COUNT I, KIDNAPPING, AND COUNT III, RAPE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶15} Appellant argues that he should be resentenced because the court improperly sentenced him on count 2, felonious assault, of which he was found not guilty.

{¶16} The court's judgment correctly identifies the counts of which appellant was convicted as count one, kidnapping, and count three, rape.  However, in the sentencing portion of the judgment, the court sentenced appellant on counts one and two, but not on count three.  The State concedes that there is a scrivener's error in the sentencing entry.  From the transcript of the sentencing hearing, it is clear that the court understood he was sentencing appellant on Count 1 of kidnapping, and Count 3 of rape, and the court apparently mislabeled the second conviction as "count 2" in the sentencing entry.

{¶17} The State further notes that appellant and the State agreed at sentencing that the offenses were allied offenses of similar import, and the State opted to have appellant sentenced only on count three of rape.  Instead of merging the offenses, the court in its sentencing entry sentenced appellant separately, but to concurrent terms. The court erred in failing to merge the offenses and sentence appellant solely on count three of rape, as conceded by the State.

{¶18}   The first assignment of error is sustained.

II.

{¶19}   In his second assignment of error, appellant argues that his trial counsel was ineffective for failing to renew his motion for acquittal based on insufficient evidence at the conclusion of the case.

{¶20}   A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id.*

{¶21}   Crim. R. 29(A) provides that the court on the motion of defendant or on its own motion, after the evidence on either side is closed, shall order a judgment of acquittal if the evidence is insufficient to sustain a conviction.  Appellant argues that counsel waived his right to raise the sufficiency of the evidence on appeal by failing to renew his motion for acquittal at the conclusion of the case, citing *State v. Whitmeyer*, 20 Ohio App. 3d 279, 485 N.E.2d 1055 (1984).

{¶22}   However, the Ohio Supreme Court has held that a failure to timely make a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. *State v. Jones*, 91 Ohio St.3d 335, 346, 744

N.E.2d 1163, 2001-Ohio-57; *State v. Carter*, 64 Ohio St.3d 218, 223, 594 N.E.2d 595 (1992). In both *Jones* and *Carter*, the Ohio Supreme Court stated that the defendant's "not guilty" plea preserves his right to object to the alleged insufficiency of the evidence. *Id.* This Court has previously recognized that a Crim. R. 29 motion is not necessary to preserve the issue of sufficiency of the evidence for appeal. *State v. Straubhaar,* 5th Dist. Stark No. 2008 CA 00106, 2009-Ohio-4757, ¶40.

{¶23} Further, appellant has not demonstrated that the result of the proceeding would have been different had counsel made a motion for a judgment of acquittal based on the sufficiency of the evidence. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶24} Kidnapping is defined by R.C. 2905.01(A)(4), which reads:

{¶25} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

{¶26} "(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]"

{¶27} Rape is defined by R.C. 2907.02(A)(2), which reads: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶28} S.C. testified that after she walked appellant to his apartment, she told appellant that she was going to leave. She testified that appellant told her she could not leave because she was "about to get some dick." Tr. 148. S.C. began to cry and ran for the door. Appellant grabbed her from behind and placed her in a chokehold. When S.C. awoke, she was naked and appellant was on top of her, engaging in sexual intercourse with her. This is sufficient evidence when viewed in a light most favorable to the State to support the convictions for kidnapping and rape.

{¶29} The second assignment of error is overruled.

III.

{¶30} In his third assignment of error, appellant argues that the judgment is against the manifest weight of the evidence. He stresses the absence of any physical injuries to S.C., and argues that his version of the facts as provided through his statement to the police is more credible than S.C.'s testimony.

{¶31} As noted in assignment of error two, S.C.'s testimony was sufficient, if believed by the jury, to convict appellant of rape and kidnapping. When S.C. ran into a family friend in the street after running from appellant's home, she was naked and hysterical, S.C. kept yelling that appellant had raped her. S.C. also told the nurse at the hospital and the Mansfield police that appellant had raped her. Physical harm is not an element of the offense, and the jury apparently disbelieved S.C's testimony that appellant had repeatedly punched her, based on the jury's finding of not guilty of felonious assault. We cannot find that the jury lost its way in finding S.C.'s testimony of the events that occurred on the night in question more credible than appellant's statement to the police that she agreed to trade sex for crack cocaine.

{¶32}   The third assignment of error is overruled.

{¶33}   The judgment of the Richland County Common Pleas court convicting him of rape and kidnapping is affirmed.  This case is remanded to that court for resentencing consistent with this opinion.  Costs are to be split evenly between the parties.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.