[Cite as *State v. Koch*, 2016-Ohio-7926.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16-CA-16 |
| | : | |
| CLIFFORD D. KOCH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 15CR11-0197



JUDGMENT:      AFFIRMED



DATE OF JUDGMENT ENTRY:      November 17, 2016



APPEARANCES:

For Plaintiff-Appellee:                                   For Defendant-Appellant:

CHARLES T. MCCONVILLE                      JOHN A. DANKOVICH
KNOX. CO. PROSECUTOR                       KNOX. CO. PUBLIC DEFENDER
117 E. High St., Suite 234                         11 East High St.
Mount Vernon, OH 43050                      Mount Vernon, OH 43050

*Delaney, J.*

{¶1}　Appellant Clifford D. Koch appeals from the April 26, 2016 Journal Entry and June 8, 2016 Sentencing Entry of the Knox County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}　The facts underlying appellant's criminal convictions are not in the record before us.[1]

{¶3}　On December 8, 2015, appellant was charged by indictment with one count of failure to provide change of address, a felony of the third degree pursuant to R.C. 2950.05(F)(1).　The indictment notes appellant is a sexually-oriented offender pursuant to two convictions in the Knox County Court of Common Pleas: unlawful sexual conduct with a minor pursuant to R.C. 2907.04, a felony of the fourth degree, [conviction date June 30, 2006]; and importuning pursuant to R.C. 2907.07(B), a felony of the fourth degree [conviction date July 30, 2012].

{¶4}　Appellant last registered with the Knox County Sheriff on January 20, 2015, as a sexually-oriented offender.

{¶5}　Appellant has two prior convictions in the Knox County Court of Common Pleas for failure to provide notice of change of address pursuant to R.C. 2950.05: August 24, 2009 and July 30, 2012.

---

[1]　Appellant asserts in his brief he was living in a Wal-Mart parking lot and calling into the sheriff's office daily to report his whereabouts pursuant to the sheriff's policy for homeless sex offenders.　Those facts, however, are not in the appellate record.

{¶6}   In the instant case, appellant entered a plea of guilty as charged and a sentencing hearing was held on June 3, 2016.  The trial court sentenced appellant to a prison term of three years.

{¶7}   Appellant now appeals from the June 8, 2016 Sentencing Entry of the Knox County Court of Common Pleas.

{¶8}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9}   "I.   THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

{¶10} "II.  R.C. 2950.05(F)(1) IS UNCONSTITUTIONAL AS APPLIED."

**ANALYSIS**

I.

{¶11} In his first assignment of error, appellant argues he should not have received the maximum sentence because the trial court did not state reasons in support of its findings.  We disagree.

{¶12} The trial court sentenced appellant to a prison term of three years, the minimum statutorily-mandated penalty for the offense in light of appellant's prior convictions.  The instant offense is a felony of the third degree pursuant to R.C. 2950.99(A)(1)(b) because the highest-level offense requiring appellant to register is unlawful sexual conduct with a minor, a felony of the fourth degree pursuant to R.C. 2907.04(A).

{¶13} Appellant has two prior convictions for failure to provide notice of change of address, rendering him subject to R.C. 2950.99(A)(2)(b), which states:

In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code, if the offender previously has been convicted of or pleaded guilty to, or previously has been adjudicated a delinquent child for committing, a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, **the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years**. The definite prison term imposed under this section, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced to less than three years pursuant to any provision of Chapter 2967. or any other provision of the Revised Code.  (Emphasis added.)

{¶14} As appellee points out, R.C. 2950.99(A)(2)(b) has been described as a "sentencing enhancement provision" which requires a mandatory minimum sentence of three years.  See, e.g*., State v. Barnes*, 9th Dist. Lorain Nos. 13CA010502, 13CA010503, 2014-Ohio-2721; *State v. Ashford*, 2nd Dist. Montgomery No. 23311, 2010-Ohio-1681; *State v. Littlejohn*, 8th Dist. Cuyahoga No. 103234, 2016-Ohio-1125.

{¶15} The trial court did not err in sentencing appellant to the minimum mandated term of three years.

{¶16} Appellant's first assignment of error is overruled.

II.

{¶17} In his second assignment of error, appellant argues R.C. 2950.05(F)(1) is unconstitutional as applied to him because it subjects an offender guilty of a "minimal violation" to a mandatory prison term of three years.  We disagree.

{¶18} We first disagree with appellant's underlying premise that his conviction does not merit a prison term of three years.  On the basis of the limited record before us, appellant has two prior convictions for this offense and thus is a recidivist.

{¶19} Appellant argues, though, that a prison term of three years is cruel and unusual punishment for "miscommunication" about the location of a registered sex offender.  As appellee points out, the Ohio Supreme Court has held that the state's system of sex offender registration and address verification has been held not to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution.  See, *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516.

{¶20} R.C. 2950.05(F)(1) and 2950.99(A)(2)(b) do not constitute cruel and unusual punishment as applied to appellant.  The Eighth Amendment to the United States Constitution prohibits excessive sanctions and provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution likewise sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual

punishments inflicted." The Ohio Supreme Court has noted, "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *In re C.P.,* 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 25, quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

{¶21} Appellant argues, essentially, that his 3-year sentence is disproportionate to his crime.[2] "'The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment). Appellant's sentence is not grossly disproportionate.

{¶22} Our proportionality analysis under the Eighth Amendment should be guided by objective criteria, "including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *State v. Morin*, 5th Dist. Fairfield No. 2008-CA-10, 2008-Ohio-6707, ¶ 70, citing *Solem v. Helm*, 463 U.S. 277, 290-292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). "It is well established that sentences do not violate these constitutional provisions against cruel and unusual

---

[2] We note appellant phrases his argument in terms of the prohibition against cruel and unusual punishment, but also argues the mandatory minimum sentence is unconstitutional because it removes judicial discretion from the sentencing process. This argument in the context of R.C. 2950.99(A)(2)(b) was considered and rejected by the Ninth District Court of Appeals in *State v. Barnes*, 9th Dist. Lorain Nos. 13CA010502, 13CA010503, supra.

punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *State v. Chaffin*, 30 Ohio St.2d 13, 282 N.E.2d 46 (1972); *State v. Jarrells*, 72 Ohio App.3d 730, 596 N.E.2d 477 (2nd Dist.1991); *State v. Hamann*, 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993).  Appellant does not argue his 3-year sentence shocks the sense of justice in the community; nor do we find it does so.

{¶23} "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). "[P]unishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." Id*.*

{¶24} Having determined supra that the trial court properly applied the statutory sentencing enhancement provision, a determination that appellant's sentence amounts to cruel and unusual punishment would amount to holding the provision unconstitutional. See, S*tate v. Anderson*, 146 Ohio App.3d 427, 2001-Ohio-4297, 766 N.E.2d 1005, ¶ 74 (8th Dist.)  Cruel and unusual punishments are "rare" and are limited to sanctions that under the circumstances would be shocking to any reasonable person. *State v. Blankenship,* 145 Ohio St.3d 221, 2015–Ohio–4624, 48 N.E.3d 526, ¶ 32. It is not shocking to the conscience that an offender who repeatedly violates the address-notification requirement is subject to a minimum three-year prison term.

{¶25} The prison sentence imposed is not grossly disproportionate to the offense and does not constitute cruel and unusual punishment.

{¶26} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶27} Appellant's two assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J. and

Farmer, P.J.

Gwin, J., concur.