[Cite as *State v. Smithhisler*, 2017-Ohio-5725.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-27 |
| | : | |
| MICHAEL R. SMITHHISLER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 15CR09-0159


JUDGMENT:             AFFIRMED


DATE OF JUDGMENT ENTRY:      June 30, 2017


APPEARANCES:

For Plaintiff-Appellee:            For Defendant-Appellant:

CHARLES T. MCCONVILLE           JOHN A. DANKOVICH
KNOX CO. PROSECUTOR              KNOX CO. PUBLIC DEFENDER
M. DAVID MERRELL                   11 E. High St.
117 E. High St., Suite 234          Mount Vernon, OH 43050
Mount Vernon, OH 43050

*Delaney, P.J.*

{¶1}   Appellant Michael R. Smithhisler appeals from the judgment entries of conviction and sentence entered in the Knox County Court of Common Pleas on August 22, 2016 and December 16, 2016.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   This case arose on September 16, 2015 when the Knox County Sheriff's Office performed an annual "roundup" of registered sex offenders in the county by checking each registered address to investigate whether the offenders actually lived at their reported addresses.  Appellant is a Tier II sex offender and is required to register his address every 180 days.  The address registered to appellant was 110 East Ohio Avenue, Apartment B (or ½, as the apartment was also known), Mount Vernon, Ohio.

{¶3}   Officers arrived at the apartment to find it vacant.  The apartment manager was present and told them the occupant, appellant, had moved after providing a written 30-day notice.  The apartment manager also provided appellant's forwarding address.

{¶4}   Officers made contact with appellant at the new address.  Appellant told them he had called the Knox County Sheriff's Office, spoken with Lt. Penny Lamp, and "registered" his new address over the phone.  Sgt. Selby, an officer on the scene, challenged appellant's account and stated appellant knew he couldn't change his registered address by simply calling in to the Sheriff's Office, to which appellant reportedly admitted he knew the procedure required him to appear in person.

{¶5}   Knox County Sheriff's Office personnel testified that registered sex offenders in the county are required to appear in person at the office for their required registration.  Registration and address updates cannot be accomplished over the phone.

It is not uncommon for offenders to call in to check on the viability of a potential address, i.e., whether a new address is too close to a school or day care center. In those cases, sheriff's personnel advise offenders of the suitability of an address over the phone but the offender must still report to the office personally to update and register the new address.

{¶6} Officers also testified to one instance in which offenders "register" their addresses by phone. Homeless offenders are required to call in with their location each day. They are not required to come into the office personally to update their addresses because the addresses change daily. (No argument has been made in this case that appellant is homeless or that the homeless offender policy ever applied to him.)

{¶7} Lt. Penny Lamp is the jail administrator at the Sheriff's Office and oversees the sex offender registration process. She testified on behalf of appellee and stated appellant did not call her regarding the change of address. The office has a voice message line and any phone call is logged into an investigative report. In appellant's case, as of June 17, 2015, he registered his address as 110 East Ohio Avenue, Apartment B, Mount Vernon. Lamp confirmed sex offenders are not permitted to change their registered address by phone; even if they have called to verify the suitability of a potential new address, they must come to the office in person to register the new address. No investigative report was made regarding any calls from appellant in 2015 other than a report on March 2, 2015 in which a deputy reported appellant called in to advise of a new phone number.

{¶8} Appellant testified on his own behalf at trial. He has been a registered sex offender since 2008 and has changed address "four or five times" since becoming required to register. Appellant stated that each time he planned to move, he called the

sheriff's office to inquire whether the address was "within [his] means," meaning whether the address was appropriate due to its proximity to schools, etc. Appellant insisted sheriff's office personnel would then "update" his address by phone, noting the change of address in his file. He testified he never once personally went into the sheriff's department to register a new address and always did so over the phone. He registered twice per year.

{¶9} Appellant acknowledged a prior conviction for failure to register in 2012 and said he was "away from his residence for too long" and had no transportation to get to the sheriff's office to register.

{¶10} Upon cross examination, appellant acknowledged appellee's Exhibit 8, a notice of registration requirements, which was read to and signed by appellant. Number 4 on the list states he is obligated to personally appear at the sheriff's office to update his registered address if the address changes.

{¶11} Appellant was charged by indictment with one count of failure to provide change of address pursuant to R.C. 2950.05(F)(1), a felony of the third degree. The most serious offense requiring appellant to register is a conviction of unlawful sexual conduct with a minor, a felony of the fourth degree; the indictment further noted appellant's prior conviction of failure to provide change of address in 2012.

{¶12} Appellant entered a plea of not guilty and waived his right to trial by jury. The matter proceeded to bench trial on August 18, 2016 and appellant was found guilty as charged. The trial court ordered preparation of a pre-sentence investigation (P.S.I.) and sentencing was scheduled for December 16, 2016. On that date, on the record and in the sentencing entry, the trial court noted appellant's conviction carries mandatory

prison time, appellant is not eligible for community control, and a prison term is consistent with the purposes of felony sentencing contained in R.C. 2929.11. Appellant was sentenced to a prison term of three years.

{¶13} Appellant now appeals from the judgment entries of conviction and sentence.

{¶14} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I.   THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

{¶16} "II.  R.C. 2950.05(F)(1) IS UNCONSTITUTIONAL AS APPLIED TO MR. SMITHHISLER."

{¶17} "III.  THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING MR. SMITHHISLER GUILTY AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**ANALYSIS**

I.

{¶18} In his first assignment of error, appellant argues the trial court erred in imposing the "maximum" sentence. We disagree.

{¶19} In the instant case, appellant was found guilty of one count of failure to provide change of address pursuant to R.C. 2950.05(F)(1), a felony of the third degree. The penalty level of appellant's offense was enhanced because appellant has a prior conviction for the same offense in 2012.

{¶20} Two provisions of R.C. 2950.99 apply to appellant in light of his prior convictions for unlawful sexual conduct with a minor and the 2012 prior conviction for failure to provide change of address. The statute provides that the **minimum** sentence available to the trial court in the instant case is three years:

(A)(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, whoever violates a prohibition in [section 2950.05] of the Revised Code shall be punished as follows:

* * * *.

(ii) If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the * * * fourth degree if committed by an adult * * *, the offender is guilty of a felony of the same degree as the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address, or address verification requirement that was violated under the prohibition * * *.

* * * *.

(b) If the offender previously has been convicted of or pleaded guilty to * * * a violation of a prohibition in section * * * 2950.05, * * * whoever violates a prohibition in section * * * 2950.05 * * * of the Revised Code shall be punished as follows:

* * * *.

(iii) If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the fourth or fifth degree if committed by an adult or a comparable category of offense committed in another jurisdiction, the offender is guilty of a felony of the third degree.

* * * *.

(2) * * * *.

(b) In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section * * * 2950.05 * * * of the Revised Code, if the offender previously has been convicted of or pleaded guilty to, * * * a violation of a prohibition in section * * * 2950.05, * * * of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, **the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years**. (Emphasis added.)  The definite prison term imposed under this section, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced to less than three

years pursuant to any provision of Chapter 2967. or any other provision of the Revised Code.

* * * *.

R.C. 2950.99.

{¶21} The trial court was required to impose a prison term of at least three years. Appellee points to our decision in *State v. Koch*, 5th Dist. Knox No. 16–CA–16, 2016-Ohio-7926, a case with similar facts: an offender convicted of one count of failure to provide change of address pursuant to R.C. 2950.05(F), having at least one prior conviction upon the same offense, and sentenced to a prison term of three years. We rejected Koch's sentencing challenge, noting "R.C. 2950.99(A)(2)(b) has been described as a 'sentencing enhancement provision' which requires a mandatory minimum sentence of three years." Id., 2016-Ohio-7926, ¶ 14, citing *State v. Barnes,* 9th Dist. Lorain Nos. 13CA010502, 13CA010503, 2014–Ohio–2721; *State v. Ashford,* 2nd Dist. Montgomery No. 23311, 2010–Ohio–1681; *State v. Littlejohn,* 8th Dist. Cuyahoga No. 103234, 2016–Ohio–1125. We found the trial court did not err in sentencing Koch to the "minimum mandated term of three years." Id. at ¶ 15.

{¶22} Similarly in the instant case, three years is the minimum mandated term of imprisonment, not the maximum term. The trial court did not err in sentencing appellant to a term of three years and the first assignment of error is overruled.

II.

{¶23} In his second assignment of error, appellant argues R.C. 2950.05(F)(1) is unconstitutional as applied to him because it violates the Eighth Amendment prohibition against cruel and unusual punishment. We disagree.

{¶24} Our decision in *Koch* is again instructive because the appellant in that case argued, as appellant does here, that R.C. 2950.05(F)(1) is unconstitutional as applied to him because it subjects an offender guilty of a "minimal violation" to a mandatory prison term of three years. *Koch*, supra, 2016-Ohio-7926 at ¶ 17. We disagree with appellant's underlying premise that a three-year prison term is disproportionate punishment for what appellant terms "miscommunication" about a sex offender's location "without any other societal harm." Brief, 4. As in *Koch*, appellant is a recidivist offender with a prior conviction for failure to report a change of address. Appellant minimizes his offenses. At trial, appellant claimed his prior conviction was through no fault of his own because he lacked transportation to fulfill his registration requirements.

{¶25} The terms of appellant's registration requirements were spelled out to him, and acknowledged by him, but he failed to comply with those terms. A prison sentence of three years is not cruel and unusual punishment for "miscommunication" about the location of a registered sex offender. *Koch,* supra, at ¶ 19. The Ohio Supreme Court has held that the state's system of sex offender registration and address verification has been held not to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution. Id., citing *State v. Blankenship,* 145 Ohio St.3d 221, 2015–Ohio–4624, 48 N.E.3d 516.

{¶26} R.C. 2950.05(F)(1) and 2950.99(A)(2)(b) do not constitute cruel and unusual punishment as applied to appellant. *Koch*, supra. The Eighth Amendment to the United States Constitution prohibits excessive sanctions and provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution likewise sets forth the same

restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The Ohio Supreme Court has noted, "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *In re C.P.,* 131 Ohio St.3d 513, 2012–Ohio–1446, 967 N.E.2d 729, ¶ 25, quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

{¶27} Appellant's three-year prison term is not disproportionate to his crime. "'The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *State v. Weitbrecht,* 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring in part and in judgment). Appellant's sentence is not grossly disproportionate.

{¶28} Our proportionality analysis under the Eighth Amendment should be guided by objective criteria, "including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *State v. Morin,* 5th Dist. Fairfield No.2008–CA–10, 2008–Ohio–6707, ¶ 70, citing *Solem v. Helm,* 463 U.S. 277, 290–292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *State v. Chaffin,* 30 Ohio St .2d 13, 282 N.E.2d 46 (1972); *State v. Jarrells,* 72 Ohio App.3d 730, 596 N.E.2d 477 (2nd Dist.1991); *State v. Hamann,* 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993). Appellant

does not argue his 3–year sentence shocks the sense of justice in the community; nor do we find it does so. *Koch*, supra, at ¶ 22.

{¶29} "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). "[P]unishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *Id.*

{¶30} Having determined supra that the trial court properly applied the statutory sentencing enhancement provision, a determination that appellant's sentence amounts to cruel and unusual punishment would amount to holding the provision unconstitutional. See, *State v. Anderson,* 146 Ohio App.3d 427, 2001–Ohio–4297, 766 N.E.2d 1005, ¶ 74 (8th Dist.) Cruel and unusual punishments are "rare" and are limited to sanctions that under the circumstances would be shocking to any reasonable person. *State v. Blankenship,* 145 Ohio St.3d 221, 2015–Ohio–4624, 48 N.E.3d 526, ¶ 32. It is not shocking to the conscience that an offender who has twice violated the address-notification requirement is subject to a minimum three-year prison term.

{¶31} The prison sentence imposed is not grossly disproportionate to the offense and does not constitute cruel and unusual punishment. *Koch*, supra, at ¶ 25.

{¶32} Appellant's second assignment of error is overruled.

III.

{¶33} In his third assignment of error, appellant summarily argues his conviction upon one count of failure to provide change of address is against the manifest weight and sufficiency of the evidence.[1] We disagree.

{¶34} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶35} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the

---

[1] Appellee argues by failing to make any Crim.R. 29 motion for acquittal, appellant waived the right to appeal the issue of sufficiency of the evidence. We have previously rejected the waiver theory in such circumstances and have considered sufficiency-of-the-evidence arguments on their merits. See, *State v. Lee*, 5th Dist. Richland No. 15–CA–52, 2016-Ohio-1045, appeal not allowed, 148 Ohio St.3d 1411, 2017-Ohio-573, 69 N.E.3d 751, citing *State v. Brown,* 5th Dist. Licking No. 2006–CA–53, 2007–Ohio–2005; *State v. Schenker,* 5th Dist. Tuscarawas No. 2006AP050027, 2007–Ohio–3732, ¶ 35; *State v. Henderson,* 5th Dist. Richland No. 2013–CR–0409, 2014–Ohio–3121, ¶ 22; *State v. Shepherd,* 5th Dist. Richland No. 14CA63, 2015–Ohio–4330, ¶ 26. For purposes of this review, we do not consider appellant to have waived his right to argue sufficiency of the evidence.

entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶36} Appellant was found guilty upon one count of R.C. 2950.05(F)(1), which states: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section or a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division." He argues he had no culpable mental state and was misinformed by sheriff's personnel about their policies for sex offender registration, change of address, and enforcement.

{¶37} First, failure to provide change of address is R.C. 2950.05 is a strict liability offense. See, e.g., *State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, 921 N.E.2d 1103, ¶ 21 (10th Dist.). Culpability is thus not required for a person to be found guilty. R.C. 2901.21(B).

{¶38} Second, appellant's argument that he adhered to a nonexistent policy of the Knox County Sheriff permitting telephone address updates was disproven by appellee. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. Appellant's self-serving testimony about the alleged telephone procedure was

contradicted by the evidence in the record. Although he claims he was told by sheriff's personnel including Lt. Lamp that he could call in and update his address by telephone, Lt. Lamp directly contradicted his account. Lamp testified appellant was never told he could update his address by telephone. Sgt. Selby testified that at the scene of the arrest, he confronted appellant about this claim and appellant admitted that he knew he was required to update his address in person. Appellant signed appellee's Exhibit 8, a form specifically telling him that address changes had to be made in person at the sheriff's office.

{¶39} Finally, even assuming arguendo appellant could update his address by telephone, there is no evidence appellant called the sheriff's office at all to do so in 2015. His only call was to provide a new phone number. Sheriff's personnel testified sex offenders' phone calls and messages were documented with reports and no reports were made consistent with appellant's claims.

{¶40} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. His third assignment of error is thus overruled.

**CONCLUSION**

{¶41} Appellant's three assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.