[Cite as *State v. Sherels*, 2011-Ohio-3392.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   95975

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY SHERELS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528956

**BEFORE:**   E. Gallagher, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    July 7, 2011

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Thorin O. Freeman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶ 1}   Defendant-appellant, Gregory Sherels, appeals from a correction of judgment of conviction in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court committed plain error in conducting a correction of judgment of conviction hearing by video conference pursuant to R.C. 2929.191(C) without complying with Crim.R. 43(A)(2).   For the following reasons, we affirm the judgment of the trial court.

{¶ 2}   Appellant was indicted on September 29, 2009, and charged

with failure to verify address in violation of R.C. 2950.06(F), (Count 1), and failure to provide notice of change of address in violation of R.C. 2950.05(E)(1), (Count 2). Appellant initially pled not guilty to the indictment. On February 17, 2010, pursuant to a plea agreement between the state and appellant, the state moved to amend Count 1 to attempted failure to verify address, a felony of the third degree. Under the plea agreement, appellant pled guilty to the amended Count 1, and Count 2 was nolled. Appellant was sentenced on March 9, 2010 to a prison term of one year. The trial court additionally advised appellant of a mandatory five years of postrelease control.

{¶ 3} Prior to the completion of appellant's prison term, the trial court was notified by the Ohio Department of Rehabilitation and Correction that appellant's judgment of conviction did not include the proper advisement of a *discretionary* term of postrelease control. Pursuant to R.C. 2929.191(C), the trial court held a hearing on October 7, 2010, for the purpose of determining whether the court should issue a correction to the judgment of conviction. The hearing was conducted with appellant appearing by way of video conference and appellant's attorney present in the courtroom. Appellant expressly waived his physical presence in the courtroom and agreed to proceed via video conference. The trial court determined that appellant had

previously been improperly advised of five years of mandatory postrelease control. After hearing from both appellant's attorney and the state, the trial court reimposed appellant's one-year sentence. Appellant's release date of October 10, 2010 was unaffected. The trial court corrected its earlier postrelease control error and, pursuant to R.C. 2967.28(C), advised that a period of postrelease control of up to three years at the discretion of the parole board may be imposed.

{¶ 4} Appellant appeals the judgment of the trial court, and in his sole assignment of error, argues that the trial court committed plain error when it failed to inform him of how to communicate privately with his attorney during the hearing in accordance with Crim.R. 43(A)(2)(d).

{¶ 5} For offenders sentenced after July 11, 2006, R.C. 2929.191(C) allows a correction of judgment hearing to be conducted by way of video conference. Crim.R. 43(A)(2) governs appearances by defendants via video conference and provides, amongst other requirements, that, "[t]he court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at anytime, communicate privately with counsel. * * *" Crim.R. 43(A)(2)(d).

{¶ 6} In the present instance, appellant expressly waived his physical presence in the courtroom and agreed to proceed via video conference. The

trial court did not inform appellant on the record how to communicate privately with his attorney during the hearing in accordance with Crim.R. 43(A)(2)(d). However, appellant did not object to the trial court's omission nor did appellant, or his counsel, at any time during the hearing, indicate a desire to confer privately.

{¶ 7} A violation of Crim.R. 43 is not structural error and can constitute harmless error where the defendant suffers no prejudice. *State v. Steimle*, Cuyahoga App. No. 95076, 2011-Ohio-1071, citing *State v. Reed*, Franklin App. No. 09AP-1164, 2010-Ohio-5819. Appellant's failure to object to the trial court's Crim.R. 43(A) omission constitutes a waiver unless he prevails under plain error. Id.; *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804; *State v. Morton*, Franklin App. No. 10AP-562, 2011-Ohio-1488. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. *Long* at 95.

{¶ 8} Appellant is unable to demonstrate plain error in the present case because he cannot demonstrate that he was prejudiced, in any manner, by the trial court's failure to advise him pursuant to Crim.R. 43(A)(2)(d). As noted above, at no point during the hearing did appellant ask to speak with his attorney privately. Furthermore, appellant does not present any

argument as to how a private communication with his attorney could have possibly changed the outcome of the proceeding. See *Morton* at ¶15 (trial court's Crim.R. 43(A)(2)(d) error during resentencing hearing resulted in no prejudice to defendant where neither defendant nor his counsel indicated a desire to confer privately). We note that the trial court, in correcting its postrelease control sentence, was obligated under R.C. 2967.28(C) to include a postrelease control term of up to three years at the discretion of the parole board. Appellant presents no argument as to how a proper Crim.R. 43(A)(2)(d) instruction from the trial court would have changed this outcome.

{¶ 9} Appellant's sole claim of prejudice stems from his speculation that, but for the video conference hearing, the trial court would not have had sufficient time prior to the expiration of his prison term to secure his physical presence in court in order to conduct the hearing. However, this alleged prejudice bears no relationship to the appellant's claimed error. In fact, appellant's argument is without merit because he specifically agreed to waive his physical presence in court and proceed via video conference.

{¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR