[Cite as *State v. Harris*, 2020-Ohio-154.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-03-027 |
| | : | O P I N I O N |
| - vs - | | 1/21/2020 |
| | : | |
| JUSTIN LLOYD HARRIS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR35184

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Justin Lloyd Harris, appeals from the three-year prison sentence he received in the Warren County Court of Common Pleas after pleading no contest to failing to provide notice of a change of address. For the reasons discussed below, we affirm his sentence.

{¶ 2} In 2013, appellant was convicted of sexual battery. He was classified as a sex offender, which required him to register his address and any change of address. In 2017, appellant was convicted of failing to provide notice of a change in his address, and he was placed on community control. As part of his court-ordered supervision, appellant was placed at the Turtlecreek Center. On November 27, 2018, appellant left the center and failed to provide notice of his change in address. He did not report for his required quarterly registration until January 29, 2019.

{¶ 3} On February 25, 2019, appellant was indicted on one count of failing to provide notice of a change of address in violation of R.C. 2950.05(F)(1), a felony of the third degree. The indictment indicated appellant had previously been convicted of failing to provide notice of a change of address. As appellant was on community control at the time of this offense, a community control violation was also filed against him.

{¶ 4} On March 20, 2019, appellant entered a no contest plea to the new charge and stipulated to the community control violation. During sentencing, the trial court stated it was required to impose a three-year prison term on appellant pursuant to R.C. 2950.99(A)(2)(b). Appellant objected, arguing that the statute was in conflict with R.C. 2929.14(A)(3) and that the court retained discretion over his sentence. The trial court noted that R.C. 2929.14(A)(3)(b) referred to "monthly" prison terms for third-degree felonies (i.e., "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"), whereas R.C. 2950.99(A)(2)(b) referred to a "yearly" prison term for a violation of R.C. 2950.05 (i.e., "the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years"). The court recognized that the statutes were "a little bit inconsistent," but nonetheless found it was required to impose a three-year sentence. The court therefore sentenced appellant to "36 months/3 years * * * in prison" for violating R.C. 2950.05(F)(1). The court also imposed a

24-month prison term for appellant's violation of his community control. The two sentences were ordered to be served concurrently.

{¶ 5} Appellant appealed his sentence, raising two assignments of error. As the assignments of error are related, we will address them together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN SENTENCING APPELLANT.

{¶ 8} Assignment of Error No. 2:

{¶ 9} APPELLANT'S MAXIMUM SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶ 10} In his first assignment of error, appellant argues that R.C. 2950.99 and R.C. 2929.14 are not harmonious and that the language set forth in R.C. 2929.14 should prevail. In his second assignment of error, he argues that his sentence is clearly and convincingly contrary to law because the trial court failed to discuss the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 at the sentencing hearing before imposing the three-year sentence.

{¶ 11} "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 76 Ohio St.3d 126, 128 (1996). A court, in the interpretation of related and co-existing statutes, "'must harmonize and give full application to all * * * statutes [concerning the same subject matter] unless they are irreconcilable and in hopeless conflict.'" *State v. Pribble*, Slip Opinion No. 2019-Ohio-4808, ¶ 12, quoting *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372 (1994). When statutes are in conflict, a court "must resort to statutory interpretation and construe the statutes so as to give effect to the legislature's intent." *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 24. "[O]ptimally, conflicting statutes should be construed 'so that effect is given to both' but * * * '[i]f the conflict

between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.'" *Pribble* at ¶ 13, quoting R.C. 1.51.

{¶ 12} R.C. 2929.14(A)(3) is a general sentencing statute that governs third-degree felonies. *Id.* at ¶ 15. The statute was amended by 2011 Am.Sub.H.B. No. 86 ("House Bill 86") in 2011. Prior to the effective date of House Bill 86, the range of prison terms for third-degree felonies under R.C. 2929.14(A)(3) was one, two, three, four or five years. However, after it was amended, "R.C. 2929.14(A)(3)(a) narrow[ed] the applicability of third-degree-felony sentences longer than three years; it specifically identifie[d] violations for which a judge may impose prison terms from 12 to 60 months." *Id.* at ¶ 6. "As amended, R.C. 2929.14(A)(3)(b) limits sentences to three years for third-degree felonies to which division (A)(3)(a) does not apply." *Id.* The version of R.C. 2929.14(A)(3) in effect at the time of appellant's March 20, 2019 sentencing provided as follows:

> (a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, 2907.05, or 3795.04 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
>
> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.[1]

{¶ 13} R.C. 2950.99, the statute that specifically addresses sentencing for a violation of R.C. 2950.05 for failing to provide notice of a change of address, was also amended by House Bill 86. The statute provides, in relevant part, as follows when there has been a prior

---

1. R.C. 2929.14 has been amended a number of times since House Bill 86's September 30, 2011 effective date.

conviction under R.C. 2950.05:

> (b) In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code, if the offender previously has been convicted of or pleaded guilty to, or previously has been adjudicated a delinquent child for committing, a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, *the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years.* The definite prison term imposed under this section, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, *shall not be reduced to less than three years* pursuant to any provision of Chapter 2967. or any other provision of the Revised Code.

(Emphasis added).  R.C. 2950.99(A)(2)(b).

{¶ 14}  R.C. 2950.99(A)(2)(b) therefore imposes a definite sentence of "no less than three years" on an offender who fails to notify the sheriff of a change of address if "(1) he has previously been convicted of failing to provide notice of a change of address, and (2) the sexual offense that gave rise to the duty to notify was a felony."  *State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, ¶ 16.  The three-year sentence set forth in R.C. 2950.99(A)(2)(b) "is consistent with the general sentencing statutes, which provides that the maximum sentence for a third-degree felony is 36 months."  *Id.*, citing R.C. 2929.14(A)(3)(b).  The fact that R.C. 2950.99(A)(2)(b) refers to the prison term to be imposed as "no less than three years" as opposed to saying "no less than thirty-six months" does not mean that R.C. 2950.99(A)(2)(b) and 2929.14(A)(3)(b) are in conflict with one another.  A 36-month sentence is equivalent to a three-year sentence.  The statutes, therefore, can be read in harmony.  Moreover, R.C. 2950.99(A)(2)(b), the more specific statute, controls over the general sentencing provision set forth in R.C. 2929.14(A)(3)(b).

- 5 -

{¶ 15} As R.C. 2950.99(A)(2)(b) specifically prohibits the court from imposing a prison term of less than three years on an individual who has a prior conviction for failing to notify of a change of address, the trial court was not required to consider the principles and purposes of sentencing or the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12. Rather, R.C. 2950.99(A)(2)(b) requires a court to "impose a definite prison term of no less than three years." "Since the trial court is required to impose a definite sentence of 'no less than three years' and that sentence cannot be reduced to less than three years pursuant to R.C. Chapter 2967 or any other provision of the Revised Code, * * * R.C. 2950.99(A)(2)(b) provides for a mandatory sentence of three years." *Prisby* at ¶ 21 Appellant's arguments are, therefore, without merit and his first and second assignments of error are overruled.

{¶ 16} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.