[Cite as *State v. Woods*, 2020-Ohio-4251.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 20CA000010 |
| | : | |
| JAMES R. WOOD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Knox County Court of
Common Pleas, Case No. 19CR04-
0129

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    August 27, 2020

APPEARANCES:

For Plaintiff-Appellee:                         For Defendant-Appellant:

CHIP MCCONVILLE                          TODD W. BARSTOW
KNOX COUNTY PROSECUTOR          261 West Johnstown Road, Suite 204
                                                      Columbus, OH 43230
117 E. High Street, Suite 234
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Defendant-Appellant James Wood ("Wood") appeals his conviction and sentence in the Knox County Court of Common Pleas.

## Accelerated Calendar

{¶2} This case is before the court on the accelerated calendar which is governed by App.R. 11.1. App.R. 11.1(E) provides, in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3} One important purpose of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶4} This appeal will be addressed accordingly.

## FACTS AND PROCEDURAL HISTORY

{¶5} On April 16, 2018, Defendant-Appellant Wood, along with two other individuals, stole $1,226.59 in merchandise from a Walmart store located in Knox County. The Knox County grand jury indicted Wood on one count of theft, a felony in the fifth degree.

### Change of Plea Hearing

{¶6} On March 26, 2020, Wood appeared for a change of plea hearing conducted by video connection between the Knox County Court of Common Pleas and the Knox County Jail. (Plea Tr., p. 2). Due to COVID-19, at the time of Wood's change of

plea hearing, the trial court had declared the Knox County Jail a temporary courtroom and Wood was at the jail during the hearing. (*Id.*). Wood signed a "Plea Agreement Disclosure and Acknowledgement" form in which he acknowledged the jail was serving as a temporary courtroom and specifically waived his right to be present in the courtroom under Crim.R. 43. (Form, Mar. 26, 2020, pp. 1-2).

{¶7}   Wood asserts the record is not clear regarding the physical location of defense counsel, the assistant prosecutor, or the trial court during this hearing. However, the record is clear the trial court asked Wood if he was waiving his right to be physically present in the courtroom. (Plea Tr., p. 3). Wood waived this right and further acknowledged the trial court had designated the county jail as a temporary courtroom. (*Id.*)

{¶8}   Further, the following paragraph on this same form provides in bold-face type:

Do you understand that the Court is <u>not</u> bound by any discussion, agreement or recommendation as to sentencing, and that sentencing is entirely up to me as the Judge to determine your sentence in your case? If "yes", knowing that are you still willing to proceed with your guilty plea today?

(Form, Mar. 26, 2020, p. 2).

{¶9}   Wood initialed this statement. (*Id.*). The Judge repeated this statement again on the record and Wood acknowledged he wanted to proceed with the plea. (Plea Tr., pp. 3-4). Thereafter, Wood pled guilty as charged and the trial court accepted his plea. (*Id.*, p. 11). Wood asked to waive a presentence investigation based on an agreed

recommendation for community control, but the court declined this request and ordered a presentence investigation. (*Id.*, pp. 13-14).

{¶10} At no point during the change of plea hearing did the trial court advise Wood how to communicate privately with counsel under the video conferencing provisions of Crim.R. 43(A)(2)(d). Wood's counsel did not object to this oversight.

**Sentencing Hearing**

{¶11} Thereafter, on April 16, 2020, the trial court conducted a sentencing hearing under the same conditions as the change of plea hearing. (Sentencing Tr., pp. 2-3). Wood was represented by Attorney Terry Hitchman and the Knox County Public Defender, John Pyle, was also present. (*Id.*, p. 3). Wood signed and initialed the "Sentencing Agreement Disclosure and Acknowledgment" form on April 16, 2020. (Form, Apr. 17, 2020, p. 1).

{¶12} This form contained the following statement: "The Defendant, through counsel, has indicated the intent to waive their right to be present in the courtroom for sentencing in this case. * * * The Defendant acknowledges the right to be physically present in the courtroom, pursuant to Cr. R. 43, and hereby waives that right, this 16 day of April 2020." (*Id.*). Attorney Pyle acknowledged Wood's signature on the record. (Sentencing Tr., p. 3). At no point during the sentencing hearing did the trial court advise Wood how to communicate privately with his counsel under the video conferencing provisions of Crim.R. 43(A)(2)(d). The record contains no objection regarding this omission.

{¶13} Attorney Hitchman informed the trial court the state and defense counsel had recommended community control, notwithstanding Wood's criminal history. (*Id.*, pp. 4-5). The trial court reviewed Wood's criminal history and sentenced him to eleven

months of incarceration. (*Id.*, pp. 5-7). After the trial court sentenced Wood, Wood protested that he had not received a community control sentence and stated Attorney Hitchman told him he would get community control. (*Id.*, p. 8). Attorney Hitchman addressed the trial court and indicated he had informed Wood the trial court had the ultimate authority to decide a sentence. (*Id.*, pp. 9- 10).

## ASSIGNMENT OF ERROR

{¶14} Wood sets forth one assignment of error for our consideration:

{¶15} "APPELLANT WAS DEPRIVED OF HIS RIGHT TO BE PRESENT AND TO THE PRESENCE AND ASSISTANCE OF HIS COUNSEL DURING BOTH HIS CHANGE OF PLEA AND SENTENCING HEARINGS, AND HIS RIGHT TO DUE PROCESS AND FUNDAMENTALLY FAIR HEARINGS AS REQUIRED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS FIVE, TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND CRIMINAL RULES 43(A) AND 44."

## ANALYSIS

{¶16} Wood's appeal focuses on his change of plea and sentencing hearings. Specifically, he asserts his waiver to be present at both hearings was defective due to the trial court's failure to follow Crim.R. 43(A)(2)(d) by not advising him how to confer confidentially with his attorney at any time during the hearings. We disagree.

### Standard of Review

{¶17} At both the change of plea and sentencing hearings, Wood never objected on the basis that he had a right to be present in the courtroom. In fact, he signed a written waiver of his right to be present in the courtroom at both hearings. *See* Form, Mar. 26,

2020, p. 2; Form, Apr. 17, 2020, p. 1. Wood also did not challenge the trial court's failure to advise him how to privately communicate with his attorney during the video conferencing proceedings. As a result, we must review Wood's assignment of error under a Crim.R. 52(B) plain error analysis.

{¶18} Under this rule, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places the following limitations on a reviewing court's determination to correct an error despite the absence of timely objections at trial: (1) "there must be an error, i.e. a deviation from a legal rule," (2) "the error must be plain," that is an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, ¶ 89, citing *State v. Morales*, 10th Dist. Franklin Nos. 03-A)-318, 03-AP-319, 2004-Ohio-3391, ¶ 19.

{¶19} The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶20} Crim.R. 43(A)(1) requires a defendant to be "physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." This Court addressed this point in *State v. Wallace*, 5th Dist. Richland No. 2020CA0072, 2003-Ohio-4119, ¶ 14. We explained, "[a] defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill*, 73 Ohio St.3d 433,

444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution." Further, under United States Supreme Court precedent an accused "is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987).

{¶21} However, section (A)(2) of Crim.R. 43 allows remote contemporaneous video for any proceeding if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

* * *

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

{¶22} The State concedes at page 5 of its brief that Wood has satisfied the first two elements of the plain error analysis (i.e. there was an error and it was plain). This is

based on the fact the trial court did not advise Wood how to communicate privately with counsel as required by Crim.R. 43(A)(2)(d). However, the state contends this error did not affect such substantial rights that the error was outcome-determinative. *See State v Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 13. (Citation omitted.) ("In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law.") Further, "[a] violation of Crim.R. 43 is not a structural error and can constitute harmless error where the defendant suffers no prejudice." (Citations omitted.) *State v. Sherels*, 8th Dist. Cuyahoga No. 95975, 2011-Ohio-3392, ¶ 7.

{¶23} Wood does not argue his sentence is contrary to law. Rather, he was displeased the trial court did not sentence him to community control. (*See* Sentencing Tr., pp. 8, 10-11). Wood asserts the trial court deviated from a legal rule set forth by this Court in *State v. Gray*, 5th Dist. Richland No. 2010-CA-0089, 2011-Ohio-4570. In *Gray*, we reversed and remanded for a third re-sentencing hearing because Gray's second re-sentencing was held by video conference and no waiver of physical presence was ever executed by Gray either in writing or on the record and no exceptions existed under Crim.R. 43(B). *Id.* at ¶ 25. Most distinguishable from the facts here, Gray objected to the use of video conferencing and asserted his right to be physically present. *Id.*

{¶24} We find the Gray decision does not support Wood's argument on appeal. Wood intentionally waived, in writing and verbally on the record, his right to be present, in the courtroom, both for the change of plea and sentencing hearings. Wood also did not object to the trial court's omission pertaining to Crim.R. 43(A)(2)(d). Finally, neither Wood nor his counsel, at any time during either hearing, indicated a desire to confer privately.

Under the facts here, we do not see how instructions on how Wood could have conducted a private conversation with his attorney would have changed the outcome of the sentence imposed by the trial court. The sentence rendered by the trial court is lawful.

{¶25} We find the facts here almost identical to those reviewed by the Eighth District Court of Appeals in the *Sherels* case. In *Sherels*, appellant expressly waived his right to be present in the courtroom and agreed to proceed by video conference. *State v. Sherels*, 2011-Ohio-3392, at ¶ 6. However, the trial court did not inform appellant on the record how to communicate privately with his attorney as required by Crim.R. 43(A)(2)(d). *Id*. No objection was made on the record concerning this omission. *Id*. The court of appeals held:

> Appellant is unable to demonstrate plain error in the present case because he cannot demonstrate that he was prejudiced, in any manner, by the trial court's failure to advise him pursuant to Crim.R. 43(A)(2)(d). As noted above, at no point during the hearing did appellant ask to speak with his attorney privately. Furthermore, appellant does not present any argument as to how a private communication with his attorney would have possibly changed the outcome of the proceedings.

*Id*. at ¶ 8.

{¶26} Likewise, here, Wood has presented no argument regarding how a private conversation with his attorney would have changed the outcome of his change of plea hearing or the sentence ultimately rendered by the trial court. Because we do not find a violation of Wood's substantial rights such as to impact the outcome of the sentence imposed by the trial court plain error does not exist.

**No Manifest Miscarriage of Justice Exists**

{¶27} Finally, Wood asserts the trial court's failure to instruct him how to confer privately with his attorney resulted in a manifest miscarriage of justice because he was deprived of his constitutionally protected right to assistance of counsel. We find no manifest miscarriage of justice occurred. Wood contends he would have maintained a not guilty plea and proceeded to trial had he been properly advised. However, Wood was not dissatisfied with the proceedings until after the trial court imposed an eleven-month prison term. At that point, Wood would have had to seek to withdraw his guilty plea after sentence, which requires a showing of "manifest injustice." *State v. Adames*, 5th Dist. Licking No. 16-CA-85, 2017-Ohio-4058, 91 N.E.3d 326, ¶ 17.

{¶28} The fact that Wood was discontent with the sentence does not demonstrate manifest injustice. A "change of heart" does not demonstrate manifest injustice where the change is based on a dissatisfaction with the sentence imposed by the trial court. *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 44. Therefore, we conclude no manifest miscarriage of justice occurred.

**CONCLUSION**

{¶29} For the foregoing reasons, Wood's sole assignment of error is overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.