[Cite as *State v. Ashcraft*, 2021-Ohio-3842.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 21CA000002 |
| | : | |
| MICHAEL P. ASHCRAFT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Knox County Court of
                               Common Pleas, Case No. 20CR03-
                               0050


JUDGMENT:                      AFFIRMED



DATE OF JUDGMENT ENTRY:        October 28, 2021



APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

CHIP MCCONVILLE                        TODD W. BARSTOW
KNOX COUNTY PROSECUTOR                 261 West Johnstown Road
117 East High St.                      Suite 204
Suite 234                              Columbus, OH 43230
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Defendant-Appellant Michael P. Ashcraft appeals the January 22, 2021 sentencing entry of the Knox County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On November 1, 2013, Defendant-Appellant Michael P. Ashcraft was convicted of unlawful sexual conduct with a minor, a third-degree felony.

{¶3} On March 9, 2020, the Knox County Grand Jury indicted Defendant-Appellant Michael P. Ashcraft on one count of Failure to Provide Change of Address, a third-degree felony in violation of R.C. 2950.05(F)(1). The indictment stated that Ashcraft was previously convicted for a violation of R.C. 2950.05(F)(1) on June 1, 2018. As this appeal relates solely to sentencing, a recitation of the underlying facts giving rise to the indictment are unnecessary for the disposition of this appeal.

{¶4} Ashcraft entered a guilty plea to the charge on December 22, 2020. During the plea colloquy, the trial court informed Ashcraft of the maximum penalty:

THE COURT: * * * I want you to understand that the maximum penalty you

face on the charge of failure to provide a change of address in this case, a

third degree felony is, a maximum penalty is a basic prison term of no less

than three years. And in addition to any sanction or penalty imposed for the

charged offense, pursuant to Ohio Revised Code Section 2950.99, and as

a third degree felony it carries with it a definite term of imprisonment of six

–

MR. MCCONVILLE: Nine.

THE COURT: Nine.

MR. MCCONVILLE: Twelve.

THE COURT: Twelve.

MR. MCCONVILLE: Eighteen.

THE COURT: Eighteen.

MR. MCCONVILLE: Twenty-four, 30 or 36 months.

THE COURT: Right, okay. So in addition to the – thank you. In addition to the basic prison term of no less than three years, you could also get up to 36 months of additional time. Do you understand that?

(T. 5-6). Ashcraft answered affirmatively and counsel for Ashcraft did not object to the trial court's explanation of the maximum penalty. The trial court accepted the plea and found Ashcraft guilty. The matter was set for a sentencing hearing after the completion of a presentence investigation.

{¶5} The trial court held the sentencing hearing on January 21, 2021. Prior to sentencing, the trial court noted for the record that Ashcraft had pleaded guilty to a violation of R.C. 2950.05(F)(1), which was subject to R.C. 2929.13(C). (T. 3). The State asked the trial court to adopt the joint recommended sentence in the case. (T. 3). Counsel for Ashcraft stated, "Your Honor, there's not much we can say in terms of trying to minimize the sentence, but I've read the presentence investigation. The prosecutor's recommendation is a, what appears to be a statutory minimum sentence, so thank you." (T. 3). After considering the purposes and principles of sentencing, the trial court ordered Ashcraft to "serve a definite term of imprisonment for three years plus nine months on

count one. Mr. Ashcraft's given credit for 168 days served towards his sentence." (T. 4). Counsel for Ashcraft did not object to the sentence.

{¶6} The trial court filed the Sentencing Entry on January 22, 2021, which stated that Ashcraft was to "serve a definite term of imprisonment of three (3) years and nine (9) months, pursuant to Ohio Revised Code Section 2950.99(A)(2)(b)." It is from this Sentencing Entry that Ashcraft now appeals.

## ASSIGNMENT OF ERROR

{¶7}  Ashcraft raises one Assignment of Error:

{¶8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM TO A PRISON TERM THAT WAS CONTRARY TO LAW AS IT WAS NOT AUTHORIZED BY OHIO'S SENTENCING STATUTES. (T. 1/22/21; R. Judgment Entry 1/22/21).

## ANALYSIS

{¶9} Ashcraft contends in his sole Assignment of Error that his sentence of 45 months for a violation of R.C. 2950.05(F) was contrary to law under the language of R.C. 2950.99.

### Standard of Review

{¶10} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section

shall review the record, including the findings underlying the sentence or

modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶11} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶12} Criminal sentencing is "a creature of the legislature[.]" *State v. Farris*, 6th Dist. Erie No. E-20-019, 2021-Ohio-2135, 2021 WL 2624129, ¶ 8 quoting *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 13, citing *Wilson v. State*, 5 N.E.3d 759 (Ind. 2014). Trial courts may only impose "sentences that are authorized by statute[.]" *Id.* In this case, Ashcraft asks this Court to engage in statutory interpretation to determine whether his sentence was contrary to law. Interpretation of a statute or ordinance is a matter of law, and thus, the proper standard of review is de novo. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9.

{¶13} The paramount concern is determining legislative intent in enacting the statute. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To discern this intent by looking at the language used in the statute itself, we must read words and phrases in context and construe them in accordance with rules of grammar and common usage. *State ex rel. Choices for S.W. City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40. "[I]f such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged." *State ex rel. McGraw v. Gorman*, 17 Ohio St.3d 147, 149, 478 N.E.2d 770 (1985). In other words, if the meaning is unambiguous and definite, then the statute is to be applied as written and needs no further interpretation. *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995). When the court must interpret a criminal statute, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A).

{¶14} Before we begin our analysis, we note the record shows that Ashcraft did not object at the plea hearing to the trial court's explanation of the maximum penalty

available, nor did Ashcraft object at the sentencing hearing when the trial court imposed the 45-month prison sentence. Because he failed to object and bring the alleged sentencing error to the attention of the trial court, Ashcraft has waived all but plain error review of the trial court's sentence. Under the plain error rule, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The rule places the following limitations on a reviewing court's determination to correct an error despite the absence of timely objections at trial: (1) "there must be an error, i.e. a deviation from a legal rule," (2) "the error must be plain," that is an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Wood*, 5th Dist. Knox No. 20CA000010, 2020-Ohio-4251, 2020 WL 5092841, ¶ 18 citing *State v. Dunn*, 5th Dist. Stark No. 2008-CA-00137, 2009-Ohio-1688, ¶ 89, citing *State v. Morales*, 10th Dist. Franklin Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, ¶ 19.

## Sentencing Guidelines

### General Sentencing Statute

{¶15} R.C. 2919.14(A)(3) is a general sentencing statute that controls third-degree felonies. *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, 145 N.E.3d 259, ¶ 15. "R.C. 2929.14(A)(3)(a) narrow[ed] the applicability of third-degree-felony sentences longer than three years; it specifically identifie[d] violations for which a judge may impose prison terms from 12 to 60 months." *Id.* at ¶ 6; *State v. Harris*, 2020-Ohio-154, 141 N.E.3d 996, ¶ 12 (12th Dist.). "As amended, R.C. 2929.14(A)(3)(b) limits sentences to three years

for third-degree felonies to which division (A)(3)(a) does not apply." *Id.* R.C. 2929.14(A)(3) reads:

> (3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, 2907.05, 2907.321, 2907.322, 2907.323, or 3795.04 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

### Specific Sentencing Statute

{¶16} R.C. 2950.99 specifically addresses sentencing for a violation of R.C. 2950.05, failing to provide a change of address. Two provisions of R.C. 2950.99 apply to Ashcraft considering his current conviction for failure to provide a change of address and his prior convictions for unlawful sexual conduct with a minor and failure to provide a change of address.

{¶17} First, pursuant to R.C. 2590.99(A)(1)(b)(ii), Ashcraft's current violation of the notice-requirement statute is a felony of the third degree. That section provides in pertinent part:

(b) If the offender previously has been convicted of or pleaded guilty to * * * a violation of a prohibition in section * * * 2950.05, * * * of the Revised Code, whoever violates a prohibition in section * * * 2950.05 * * * of the Revised Code shall be punished as follows:

* * *

(ii) If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the * * * third degree if committed by an adult * * *, the offender is guilty of a felony of the same degree as the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address, or address verification requirement that was violated under the prohibition * * *.

* * *.

Because Ashcraft's sexually oriented offense that was the basis of his notification requirement was unlawful sexual conduct with a minor and a felony of the third degree, his violation of R.C. 2950.05 was likewise a felony of the third degree.

{¶18} Second, R.C. 2950.99(A)(2)(b) is the specific sentencing statute for repeat nonreporting sex offenders. *State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, ¶ 9. If there has been a prior conviction under R.C. 2950.05, R.C. 2950.99(A)(2)(b) provides the following sentencing guidelines:

(b) In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section * * * 2950.05 * * * the Revised Code, if the offender previously has been convicted of or pleaded guilty to, or previously has been adjudicated a delinquent child for committing, a violation of a prohibition in section * * * 2950.05 * * * of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years. The definite prison term imposed under this section, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced to less than three years pursuant to any provision of Chapter 2967. or any other provision of the Revised Code.

R.C. 2950.99.

{¶19} This Court has held that R.C. 2950.99(A)(2)(b) requires the trial court to impose a mandatory minimum sentence of three years. *State v. Koch*, 5th Dist. Knox No. 16-CA-16, 2016-Ohio-7926, ¶ 14; *State v. Smithhisler*, 2017-Ohio-5725, 93 N.E.3d 1274, ¶ 21 (5th Dist.). We have held under the circumstances in this case, and Ashcraft concedes the same, the trial court was required to impose a prison sentence of at least three years. The question before the Court is whether the trial court was permitted to sentence Ashcraft to an additional nine months in prison.

<u>In Addition to Any Penalty or Sanction</u>

{¶20} In his appeal, Ashcraft argues his three years and nine months prison sentence is contrary to law based on the language of R.C. 2950.99(A)(2)(b). He contends R.C. 2950.99(A)(2)(b) does not authorize the trial court to impose a non-mandatory prison term in addition to the mandatory minimum sentence of three years. Ashcraft takes umbrage with the State's argument that in addition to the three-year mandatory term, R.C. 2950.99 permits the trial court to impose an additional prison term of 9, 12, 18, 24, 30, or 36 months pursuant to R.C. 2929.14(A)(3)(b) for his conviction under R.C. 2950.05. In support of its argument, the State directs the Court to the language of R.C. 2950.99(A)(2)(b), which states, "In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section * * * 2950.05 * * * the Revised Code, * * * the court * * * shall impose a definite prison term of no less than three years." The issue before this Court then is whether R.C. 2950.99(A)(2)(b) permits the trial court, under these circumstances, to impose an additional prison term to the three-year minimum mandatory term. We note this issue is a matter of first impression for this Court.

{¶21} "'It is well settled that the General Assembly has the plenary power to prescribe crimes and fix penalties.'" *State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, ¶ 8 quoting *State v. Barnes*, 9th Dist. Lorain Nos. 13CA010502, 13CA010503, 2014-Ohio-2721, ¶ 7. A rule of statutory interpretation is that statutory provisions are to be construed together "and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). "'This court in the interpretation of related and co-existing statutes must harmonize and give full

application to all * * * statutes [concerning the same subject matter] unless they are irreconcilable and in hopeless conflict.' *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372, 643 N.E.2d 1129 (1994), quoting *Johnson's Mkts., Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991); *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 45." *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, 145 N.E.3d 259, ¶ 12. Under these parameters, we review the penalties and sanctions fixed by the General Assembly as to R.C. 2950.99 and related statutes to determine if Ashcraft's sentence was contrary to law.

{¶22} Construing R.C. 2950.99(A)(1)(b)(ii) and (A)(2)(b) together, along with other provisions of the Revised Code as an interrelated body of law, we find the language of the sections are harmonized and reconcilable. We review each section in turn to demonstrate they are not in conflict.

{¶23} First, there is no dispute that whoever violates the change of address notification requirement under R.C. 2950.05, the offender is to be punished according to the sentencing guidelines found within R.C. 2950.99.

{¶24} Second, R.C. 2950.99(A)(1)(b)(ii), relevant to this case, prescribes the punishment for an offender who has been previously convicted of a change of address notification violation. If the previously convicted offender has (1) violated a change of address notification requirement and (2) the sexual offense that gave rise to the duty to notify was a first-, second-, or third-degree felony, the trial court shall find the offender "guilty of the felony of the same degree as the most serious sexually oriented offense or child-victim oriented offense that was the basis of the * * * change of address requirement * * * that was violated under the prohibition." R.C. 2950.99(A)(1)(b)(ii). Based on R.C.

2950.99(A)(1)(b)(ii), the trial court found Ashcraft guilty of a third-degree felony. Ohio's felony sentencing scheme is codified in R.C. 2929.14 where R.C. 2929.14(A)(3) outlines the sentencing schema for felonies of the third degree. The statutory violations listed in R.C. 2929.14(A)(3)(a) do not include R.C. 2950.05. R.C. 2929.14(A)(3)(b) therefore limits sentences to a definite prison term of 9, 12, 18, 24, 30, or 36 months for third-degree felonies to which division (A)(3)(a) does not apply.

{¶25} Our statutory interpretation is assisted by a key phrase in R.C. 2950.99(A)(1)(b), which states, "[i]f the offender has been previously convicted of * * * a violation of * * * 2950.05 * * *, *whoever violates a prohibition* in section * * * 2950.05 * * * *shall be punished as follows*." (Emphasis added). The emphasized language is written in the present tense, which is pertinent to the basis for sentencing under R.C. 2950.99(A)(1)(b). The plain language of the statute contemplates that an offender, while previously convicted of a violation of a change of address notification requirement, is currently before the trial court for sentencing based on a present violation of a change of address notification requirement. R.C. 2950.99(A)(1)(b) instructs the trial court how to determine the felony level for a current offender with a prior conviction where the related statute R.C. 2929.14 instructs the trial court as to the range of felony prison terms.

{¶26} Third, the language used in R.C. 2950.99(A)(2)(b) underscores that a trial court is permitted to punish an offender for a present violation of a change of address notification under R.C. 2950.99(A)(1)(b). R.C. 2950.99(A)(2)(b) states that "*in addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section* * * * for a violation of * * * [R.C] * * * 2950.05," the trial court shall impose a definite sentence of "no less than three years" on an offender who fails to notify the sheriff of a change of

address if: (1) they have previously been convicted of failing to provide a change of address notification and (2) the sexual offense that gave rise to the duty to notify was a felony. (Emphasis added). R.C. 2950.99(A)(2)(b).

{¶27} Applying the rules of statutory construction to the language of R.C. 2950.99(A)(2)(b), we refer to the Revised Code to determine the General Assembly's meaning when it included the language, "in addition to any penalty or sanction." R.C. 2929.01(DD) defines "sanction" as "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense. 'Sanction' includes any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 or 2929.24 to 2929.28 of the Revised Code." Pursuant to R.C. 2929.01(DD), a felony prison term imposed under R.C. 2929.14 is a "sanction." Accordingly, the plain language of R.C. 2950.99(A)(2)(b) emphasizes the General Assembly permits the trial court to impose a sanction under R.C. 2950.99(A)(1)(b), which includes a prison term as defined by R.C. 2929.01(DD), on a current offender with a prior conviction in addition to a mandatory three-year minimum sentence under R.C. 2950.99(A)(2)(b). Our interpretation is supported by this Court's prior holdings in *State v. Koch*, 5th Dist. Knox No. 16-CA-16, 2016-Ohio-7926, ¶ 14 and *State v. Smithhisler*, 2017-Ohio-5725, 93 N.E.3d 1274, ¶ 21 (5th Dist.), that R.C. 2950.99(A)(2)(b) has been described as a "sentencing enhancement provision."

{¶28} Ashcraft argues the phrase, "in addition to any penalty or sanction imposed" is not specific as to what penalty or sanction may be imposed for a violation of R.C. 2950.05. He contends the phrase could be interpreted to include a fine or post-release control as the General Assembly chose to state, "in addition to any penalty or sanction

imposed" instead of, "in addition to any prison term." We cannot support this argument based on the definition of "sanction" found in R.C. 2929.01(DD) and the rules of statutory construction to harmonize the related statutes.

{¶29} We further note that in dicta, the Eleventh District Court of Appeals in *State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, proposed, but did not hold, that a trial court could not impose an additional prison term for a notification violation beyond the three-year mandatory minimum in R.C. 2950.99(A)(2)(b). *Id.* at ¶ 22. We find the Eleventh District's contemplations unpersuasive because the court ultimately declined to rule on the issue. In that case, the court did not rule because the state raised the issue for the first time on appeal and the state did not file a cross-appeal of the appellant's sentence. *Id.* at ¶ 29.

{¶30} In the present case, we find the trial court was permitted by Ohio's sentencing guidelines to impose the sentence of a nine-month prison term pursuant to R.C. 2950.99(A)(1)(b)(ii) and a three-year mandatory minimum prison term pursuant to R.C. 2950.99(A)(2)(b) for a violation of R.C. 2950.05 and a prior conviction under R.C. 2950.05. The 45-month sentence was not contrary to law and within the permissible statutory range.

{¶31} Ashcraft's sole Assignment of Error is overruled.

**CONCLUSION**

{¶32} The judgment of the Knox County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, Earle, J., concur.