[Cite as *State v. Hinkle*, 2026-Ohio-175.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25-COA-025 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 25-CRI-044 |
| DAKOTA HINKLE, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: January 20, 2026 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** CHRISTOPHER R. TUNNELL, Ashland County Prosecuting Attorney, by JAMES B. REESE III, Assistant Prosecuting Attorney, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}**   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney Christopher Bazeley, appointed appellate counsel for Defendant-Appellant, Dakota Hinkle ("Appellant").  After timely filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

**STATEMENT OF FACTS AND CASE**

**{¶2}**   On April 10, 2025, Appellant was indicted on one count of Strangulation, in violation of R.C. 2903.18, a fourth-degree felony, and one count of Domestic Violence in

violation of R.C. 2929.25, a fourth-degree felony. The charges stemmed from allegations that Appellant engaged in an altercation with his girlfriend. Appellant pled guilty to the charge of Domestic Violence and on August 11, 2025, he was sentenced to 12 months incarceration. Appellant consented to appearing remotely for both the plea hearing and the sentencing hearing. The trial court did not advise Appellant of his rights under Crim.R. 43. Appellant filed a timely appeal on August 25, 2025.

{¶3} Attorney Bazeley later filed the instant brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) and a corresponding Motion to Withdraw. The Motion to Withdraw and *Anders* Brief state that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Bazeley requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## STANDARD OF REVIEW

{¶4} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 2013-Ohio-3324, ¶ 4 (1st Dist.). Thus, a defendant's right to appeal does not include a frivolous appeal. *State v. Taylor*, 2015-Ohio-420, ¶ 4 (8th Dist.), citing *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

**{¶5}** The Anders procedure is designed for cases in which "counsel finds [the] case to be wholly frivolous, after a conscientious examination" of the record. *Anders*, at 744. Accordingly, a comprehensive review of the record is a fundamental first step. "Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibouris*, at ¶ 6. This detailed review must include a complete review of the case, including all transcripts. See *Tsibouris*; *In re A.J.F.*, 2018-Ohio-1208, ¶¶ 22-24 (11th Dist.).

**{¶6}** Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Anders*, at 744. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶7}** By Judgment Entry filed October 27, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Bazeley provided Appellant a copy of the *Anders* brief. In that same Judgment Entry, we informed Appellant he may file a pro se brief in support of the appeal within 60 days from the date of the Entry. On November 18, 2025, the State filed its Response. Appellant has not filed anything to date.

**{¶8}** The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that:

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

**{¶9}** *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## POTENTIAL ASSIGNMENT OF ERROR

**{¶10}** "I.   THE TRIAL COURT ERRED WHEN IT REQUIRED HINKLE TO APPEAR REMOTELY FOR HIS PLEA AND SENTENCING HEARINGS BUT FAILED TO ADVISE HIM OF HIS RIGHTS UNDER CRIM.R. 43."

## ANALYSIS

**{¶11}** A criminal defendant has a fundamental right to be physically present at all critical stages of the proceedings.   *State v. Hale*, 2008-Ohio-3426, ¶ 100; Crim.R. 43(A)(1).   Indeed, the United States Supreme Court mandates that an accused "is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).

**{¶12}** However, Crim.R. 43(A)(2) specifically allows remote contemporaneous video for any proceeding if all of the following apply:

(a)    The court gives appropriate notice to all the parties;

(b)    The video arrangements allow the defendant to hear and see the proceeding;

(c)    The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d)    The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

**{¶13}** Here, the transcripts of both the plea hearing and the sentencing hearing reveal that Appellant expressly consented to proceeding remotely prior to any substantive matters being discussed. *Change of Plea Tr.*, p. 3; *Sentencing Tr.*, p. 3.  It is equally clear that the trial court did not expressly advise him on the record of his rights under Crim.R. 43. However, Appellant nor his counsel made any objection to proceeding with the hearings remotely.   Therefore, we must review Hinkle's assignment of error under a Crim.R. 52(B) plain error analysis.  *State v. Wood*, 2020-Ohio-4251, ¶ 18 (5th Dist.).

**{¶14}** Under this rule, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places the following limitations on a reviewing court's determination to correct an error despite the absence of timely objections at trial: (1) "there must be an error, i.e. a deviation from a legal rule," (2) "the error must be plain," that is an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such

that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 2009-Ohio-1688, ¶ 89 (5th Dist.), citing *State v. Morales*, 2004-Ohio-3391, ¶ 19 (10th Dist.); *Wood*, ¶ 18. In other words, an alleged error is plain error only if the error is "obvious," and "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus; *State v. Sanders*, 2001-Ohio-189; *State v. Hale*, 2008-Ohio-3426. The decision to correct a plain error is discretionary and should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶15} In *Wood*, supra, the defendant intentionally waived, in writing and verbally on the record, his right to be present, in the courtroom, both for the change of plea and sentencing hearings. Wood also did not object to the trial court's omission pertaining to Crim.R. 43(A)(2)(d). In analyzing whether plain error occurred sufficient to warrant reversal, this Court stated:

> We find the facts here almost identical to those reviewed by the Eighth District Court of Appeals in the *Sherels* case. In *Sherels*, appellant expressly waived his right to be present in the courtroom and agreed to proceed by video conference. *State v. Sherels*, 2011-Ohio-3392, at ¶ 6. However, the trial court did not inform appellant on the record how to communicate privately with his attorney as required by Crim.R. 43(A)(2)(d). *Id.* No objection was made on the record concerning this omission. *Id.* The court of appeals held:

Appellant is unable to demonstrate plain error in the present case because he cannot demonstrate that he was prejudiced, in any manner, by the trial court's failure to advise him pursuant to Crim.R. 43(A)(2)(d). As noted above, at no point during the hearing did appellant ask to speak with his attorney privately. Furthermore, appellant does not present any argument as to how a private communication with his attorney would have possibly changed the outcome of the proceedings. *Id.* at ¶ 8.

*Wood*, supra, ¶ 25.

**{¶16}** Likewise, here, Appellant consented to appearing remotely at both hearings and so consented prior to any substantive matters being addressed. Appellant's brief itself states that "the record does not suggest that he had any issues communicating with the trial court or his attorney." *Appellant's Anders Brief*, p. 3. There is simply nothing to suggest that the outcome would have been different in any manner. Thus, Appellant fails to demonstrate plain error, and his sole assignment of error is without merit.

## CONCLUSION

{¶17}  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We therefore find the appeal to be wholly frivolous under *Anders*.  Attorney Bazeley's motion to withdraw as counsel for Appellant is hereby granted.  The judgment of the Ashland County Court of Common Pleas is affirmed.

{¶18}  Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.